IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE

_____

| | |
|---|---|
| KATHY WARREN, ) | |
| TONYA CALHOUN, ) | |
| CLARISSA ROGERS, ) | |
| and persons similarly situated, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | No. _____ |
| ) | |
| INTERSTATE WAREHOUSING, INC., ) | JURY DEMANDED |
| A TIPPMAN GROUP COMPANY. ) | CLASS ACTION CASE |
| ) | |
| Defendant ) | |

_____

## CLASS ACTION COMPLAINT
_____

**PLAINTIFFS, KATHY WARREN, TONYA CALHOUN, & CLARISSA ROGERS,** bring this Class Action Complaint on behalf of themselves and others similarly situated against Interstate Warehousing, Inc., a Tippman Group Company.

### 1.0 PRELIMINARY STATEMENT

1. Interstate Warehousing, Inc., a Tippman Group Company, operates cold storage warehouses. This case involves the Murfreesboro, Tennessee, facility where qualified women are rejected for hire precisely *because* they are women. This violates the prohibition against sex discrimination under the Tennessee Human Rights Act (T.C.A. § 4-21-101, et. seq.)

## 2.0 PARTIES, JURISDICTION, AND VENUE

2. Plaintiff Kathy Warren (Ms. Warren) currently resides in Murfreesboro, Tennessee.

3. Plaintiff Tonya Calhoun (Ms. Calhoun) currently resides in Westmoreland, Tennessee.

4. Plaintiff Clarissa Rogers (Ms. Rogers) currently resides in Murfreesboro, Tennesssee.

5. Defendant, Interstate Warehousing, Inc., A Tippman Group Company ("Interstate Warehousing"), is an active corporation formed in the state of Indiana with a principal office at 9009 Coldwater Road, Fort Wayne, IN 46825-2072.

6. This is a class action Complaint addressing Interstate Warehousing's policy and practice of providing jobs to male applicants, but not female applicants, on the basis of sex.

7. The Court has diversity of citizenship jurisdiction under 28 U.S.C. § 1332, as the matter concerns "citizens" of different states and the amount in controversy exceeds $75,000.

8. Venue is proper under 28 U.S.C. §1391 because the Interstate Warehousing is within this Court's jurisdictional limits, Ms. Calhoun sought employment at Interstate Warehousing in Murfreesboro, and the events relating to the named Plaintiff occurred in Murfreesboro.

## 3.0 FACTS

9. Interstate Warehousing engages in "joint" or "dual employment" through the use of multiple staffing companies.

10. Interstate Warehousing contracts with these staffing companies to provide them with qualified applicants among whom Interstate Warehousing chooses for joint/dual employment at its Interstate Warehousing facility in Murfreesboro. Interstate Warehousing provides the work, provides the hours, sets the rate of pay, provides the supervision, provides the on-site training, and determines for how long it requires the services of the employee.

11. Interstate Warehousing, through its Human Resources manager in Murfreesboro, Brian Blaylock, made it known to one or more staffing companies that it wants *men,* not *women,* at its facility. This direction, to one or more staffing companies, constitutes discrimination "with respect to compensation, terms, or conditions of employment because of sex." T.C.A. § 4-21-401(a)(1).

12. The direct evidence of the sex discrimination, from Blalock, includes but is not limited to statements that:

- Staffing agencies should send *men* for the jobs because Interstate Warehousing wants to avoid hiring women. Women can't do the jobs, mainly forklift operators, like the men can; and

- That this practice is kept secret from the women because Interstate Warehousing uses multiple and different staffing agencies, *and these staffing agencies,* not Interstate Warehousing, are considered the "employers," not Interstate Warehousing.

- That Mr. Blaylock is adhering to a corporate policy, and he must act to keep his own job.

13. Ms. Warren, Ms. Calhoun, Ms. Rogers, and others like them remain subject to the discriminatory practice and policy.

### 4.0     CLASS ACTION CLAIMS (THRA)

14. The Class Plaintiffs' claims are for relief to address systemic practices, policies, procedures, and actions of Interstate Warehousing under the THRA.

15. Kathy Warren is a member of the class she seeks to represent.

16. The class claims are made by persons who:

    (A)     Are female; and

    (B)     Who sought employment through any staffing company who contracted with Interstate Warehousing's Murfreesboro facility from at least one year preceding this action.

17. The class is brought on behalf of the named Plaintiff and those similarly situated under Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure and/or as a "hybrid" class through Rule 23(b)(3).

18. Interstate Warehousing's Human Resources manager in Murfreesboro, adhered to a broader corporate policy of not hiring women. Thus, it is a pattern and practice borne out at the Murfreesboro facility.

19. This pattern results in capable, qualified women being denied an opportunity for employment at Interstate Warehousing.

20. Numerosity is met. Interstate Warehousing employs hundreds of employees at any given time, with substantial turnover, through staffing companies. While the exact number is unknown, the number of available female workers (if Interstate would consider them) could be identified through computerized data available through staffing agencies and Interstate Warehousing.

21. Common questions of law and fact exist between named Plaintiff and members of the Class. Common questions include, among others, whether Interstate Warehousing has a policy or practice of providing jobs to men but not women, precisely because of

gender. Additional common questions include whether equitable remedies, declarative relief, and injunctive relief for the Class are warranted.

22. Plaintiff Ms. Warren's claims are typical of those of the Class she seeks to represent. These persons have been denied jobs because of gender.

23. Plaintiff Ms. Warren has the same interest as the other Class members in prosecuting claims against the Defendant: remediating the policies and/or practices relating to the failure to hire workers because of sex.

24. Class counsel is experienced in federal litigation, including class actions, and, specifically, in actions concerning the rights of workers under the Tennessee Human Rights Act.

25. A class action is superior to other available methods for the fair and efficient adjudication of this litigation. Moreover, class action is preferable because the claims are sufficiently cohesive and predominate due to Interstate Warehousing's policy restricting the hiring of women. That is, there is a specific employment practice which is discriminatory, barring women from hire at Interstate Warehousing through a staffing company.

### 5.1 INDIVIDUAL CLAIMS (THRA): PLAINTIFF WARREN

26. The foregoing facts are incorporated herein.

27. Ms. Warren is a female with twenty years of experience doing forklift work. This includes being a "forklift operator."

28. On or about March of 2016, Ms. Warren sought work at Interstate Warehousing through a staffing agency. Her application was tendered to Interstate Warehousing but she was rejected because she was female, not male. Her application remains "on file," but she has never been contacted for work.

29. Thereafter, Ms. Warren applied directly to Interstate Warehousing through a job posting on Interstate's website for forklift operators. Ms. Warren was contacted by Interstate Warehousing's Human Resources Department and was again told they did not have a place for her at that time but her application would be kept on file. Again, she was never contacted.

30. Ms. Rogers is imminently qualified, and indeed more qualified, than many males hires for jobs at Interstate Warehousing, including forklift operator jobs.

31. Interstate Warehousing's conduct was an intentional violation of the THRA's prohibition against sex discrimination.

### 5.2   INDIVIDUAL CLAIMS (THRA): PLAINTIFF CALHOUN

32. The foregoing facts are incorporated herein.

33. Ms. Calhoun is a female with ten years of experience doing forklift work. This includes being a "forklift operator."

34. On or about January of 2016, Ms. Calhoun sought work at Interstate Warehousing through a staffing agency. Her application was tendered to Interstate Warehousing but she was rejected because she was female, not male. Her application remains "on file," but she has never been contacted for work.

35. Ms. Calhoun is imminently qualified, and indeed more qualified, than many males hires for jobs at Interstate Warehousing, including forklift operator jobs.

36. Interstate Warehousing's conduct was an intentional violation of the THRA's prohibition against sex discrimination.

### 5.3   INDIVIDUAL CLAIMS (THRA): PLAINTIFF ROGERS

37. The foregoing facts are incorporated herein.

38. Ms. Rogers is a female with one year of experience doing forklift and other lift-jack work. This includes being a "forklift operator."

39. On or about March of 2016, Ms. Rogers sought work at Interstate Warehousing through a staffing agency. Her application was tendered to Interstate Warehousing but she was rejected because she was female, not male. Her application remains "on file," but she has never been contacted for work.

40. Ms. Rogers is imminently qualified, and indeed more qualified, than many males hires for jobs at Interstate Warehousing, including forklift operator jobs.

41. Interstate Warehousing's conduct was an intentional violation of the THRA's prohibition against sex discrimination.

### 6.0 LEGAL CLAIMS

42. The foregoing facts are incorporated herein.

43. T.C.A. § 4-21-401(a)(1) states: "It is a discriminatory practice for an employer to: Fail or refuse to hire or discharge any person or otherwise to discriminate against an individual with respect to compensation, terms, conditions or privileges of employment because of such individual's race, creed, color, religion, sex, age or national origin."

44. **Count I (Class Claims).** Plaintiff, Ms. Warren, and persons similarly situated allege Defendants has violated the following laws:

>**Tennessee Human Rights Act (THRA).** Discrimination with respect to compensation, terms, or conditions of employment because of sex.

45. For relief, Plaintiffs request the Court:

>A. Certify this case as a Class Action on behalf of the proposed Class;
>
>B. Designate Plaintiff Calhoun as representative;
>
>C. Designate Plaintiff's counsel of record as Class Counsel;

D. Enter a declaratory judgment that Interstate Warehousing's policy against hiring women violates the THRA;

E. Enter a preliminary and permanent injunction on behalf of the Class and make the following awards or relief:

i. Prohibiting Interstate Warehousing from continuing to implement its prohibition against hiring women;

ii. Requiring Interstate Warehousing to hire women based upon their qualifications, as men are hired;

iii. Requiring Interstate Warehousing to create, disseminate, and implement written policies which will ensure compliance with the foregoing;

iv. Requiring Interstate Warehousing to train its human resource corporate personnel on the aforesaid policies;

v. Requiring Interstate Warehousing to pay appropriate compensatory damages, including but not limited to lost wages to Plaintiff and Class Members, as well as damages for emotional harm (e.g. emotional distress), as a result of the discriminatory practice;

vi. An award of pre- and post-judgment interest;

vii. An award of reasonable attorneys' fees, costs, and expenses; and

viii. Any further relief the Court finds equitable and proper.

46. **Count II (Individual Claims)**. Plaintiffs Ms. Warren, Ms. Calhoun, and Ms. Rogers, individually, alleges Defendant has violated the following law:

> **Tennessee Human Rights Act (THRA).** Discrimination with respect to compensation, terms, or conditions of employment because of sex.

47. For relief, Plaintiff requests the Court:

A. Enter a declaratory judgment that Interstate Warehousing's hiring policy violates the Tennessee Human Rights Act;

B. Make the following awards or relief:

i. Damages in the form of lost wages or benefits;

ii. Damages for emotional pain, suffering, and humiliation caused by Interstate Warehousing's conduct;

iii. An award of pre- and post-judgment interest;

iv. An award of reasonable attorneys fees, costs, and expenses; and

v. Any further relief the Court finds equitable and proper.

48. Plaintiffs demand a jury for all claims.

Respectfully Submitted,

**GILBERT RUSSELL McWHERTER SCOTT BOBBITT, PLC**

/s Justin S. Gilbert
**Justin S. Gilbert (TN Bar No. 017079)**
100 W. Martin Luther King Blvd, Suite 504
Chattanooga, TN 37402
Telephone: 423-499-3044
Facsimile: 731-664-1540
jgilbert@gilbertfirm.com

**Jonathan L. Bobbitt (Bar No. 023515)**
**Caraline E. Rickard (TN Bar No. 034414)**
341 Cool Springs Blvd, Suite 230
Franklin, TN 37067
Telephone: 615-354-1144
Facsimile: 731-664-1540
jbobbitt@gilbertfirm.com
crickard@gilbertfirm.com

***ATTORNEYS FOR PLAINTIFFS***