IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| KATHY WARREN, TONYA CALHOUN, CLARISSA ROGERS, and persons similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | CASE NO. 3-17-cv-00014 |
| v. | ) ) | JUDGE TRAUGER |
| INTERSTATE WAREHOUSING, INC., A TIPPMANN GROUP COMPANY, | ) ) ) ) | **JURY DEMAND** |
| Defendant. | ) | |

## RULE 23(b)(2) and 23(b)(3) PROPOSED CLASS SETTLEMENT AGREEMENT

The parties, Kathy Warren, Tonya Calhoun, Clarissa Rogers and Interstate Warehousing, Inc., a Tippmann Group Company, enter into this class settlement ("Settlement Agreement") in this case and have submitted by joint motion the proposed class settlement to the Court for approval pursuant to Fed. R. Civ. P. 23 (b)(2) and (3).

1. **Recitals.**

On January 9, 2017, Kathy Warren, Tonya Calhoun and Clarissa Rogers, named Plaintiffs, filed their Complaint alleging on behalf of a proposed class, that Defendant, Interstate Warehousing, Inc. ("Interstate"), committed sex discrimination under the Tennessee Human Rights Act in that Interstate contracts with various staffing companies to provide it with qualified applicants among whom Interstate chooses for joint/dual employment at Interstate facilities in Murfreesboro, Tennessee. Plaintiffs further allege that Interstate made it known to one or more of the staffing companies that it wanted men and not women to be referred to its facility and Plaintiffs are alleging discrimination with respect to compensation, terms or conditions of employment

because of sex and that Interstate's action were discriminatory in that Interstate wanted to avoid hiring women and engaged in practices which amounted to intentional sex discrimination under the Tennessee Human Rights Act, TENN CODE ANN §4-21-101 *et. seq.*

Plaintiffs have brought individual claims and have also brought claims on behalf of a proposed class for those females that are similarly situated under Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure and/or as a "hybrid" class through Rule 23(b)(3) and have alleged that Interstate adhered to a broader corporate policy (through its website or through its use of staffing companies) of not hiring women and engaged in a pattern and practice at its Murfreesboro facility which results in qualified women being denied an opportunity for employment at Interstate.

Interstate has denied the allegations and raised affirmative defenses to the action.

The parties enter into this Settlement Agreement after the parties have exchanged initial discovery, initial disclosures and attended a settlement/mediation conference. At the settlement/mediation conference, the parties engaged in arm's length settlement negotiations before Reid Estes, Jr.

During the course of the Court proceedings, the mediation/settlement process and negotiations to resolve the matter, the parties determined that members of the proposed class were arguably subjected to similar non-referral by staffing agencies and/or rejection by Interstate of referrals from such staffing agencies and applicants through its website, and as such, class members would benefit from changes to Interstate's practices in order to ensure that no future alleged violations of the Tennessee Human Rights Act or any other federal laws or otherwise will occur.

The parties agree that the most effective way to afford the class members that relief is through a negotiated resolution and program of relief under the auspices of Fed.R.Civ.P. 23(b)(2) and 23(b)(3).

- 2 -

1842395

Case 3:17-cv-00014 Document 20-3 Filed 10/16/17 Page 2 of 12 PageID #: 115

The named Plaintiffs and Interstate recognize that the outcome of this matter is uncertain, that a final resolution for the litigation process would require several months – if not years – of protracted adversarial litigation.  In order to avoid the cost, risk and uncertainties inherent in litigation and possible appeal and appeals, the named Plaintiffs and their respective counsel have agreed to resolve this matter as a settlement class action according to the terms of this Settlement Agreement.

The parties believe that this Settlement Agreement is fair, reasonable and adequate in its resolution of the claims brought by the putative class because it (1) provides injunctive relief and damages to the Fed.R.Civ.P. 23(b)(2) settlement class; and (2) preserves the right of the Settlement Class to participate in the settlement while offering peaceful resolution of this matter.

The recitals stated above are true and accurate and are hereby made a part of this Settlement Agreement.

**2.** **Definitions.**

For purposes of this Settlement Agreement, including the recitals stated above, the following terms will have the following meanings:

- a. "THRA" means the Tennessee Human Rights Act, TENN CODE ANN §4-21-101 *et. seq.*
- b. "FCRA" means Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. §2000(e) *et. seq.* and 42 U.S.C. §1981, and the Equal Pay Act of 1963.
- c. "Final Judgment" or "Final Judgment and Order" means a final judgment and order of dismissal entered by the Court in this litigation granting final approval of the Settlement Agreement.

d. "Consent Order" means the Consent Order proposed by the parties for entry by the Court.

e. "Named Plaintiffs" mean Kathy Warren, Tonya Calhoun and Clarissa Rogers.

f. "Party" and "Parties" mean the Named Plaintiffs and Interstate.

g. "Preliminary Approval" and "Preliminary Approval Order" mean the Court's order certifying the tentative Rule 23(b)(2) Settlement Class preliminarily approving the proposed settlement, appointing the Settlement Administrator, and appointing Class Counsel.

h. "Rule 23(b)(2) Settlement Class," "Rule 23(b)(2) Settlement Class Members" or "Settlement Class" means all persons in the class defined in this Settlement Agreement.

i. "Settlement Agreement" means this Settlement Agreement and Release, including its exhibits.

**3. Motion for Preliminary Approval.**

The Named Plaintiffs and Defendant have filed with the Court a Motion for Preliminary Approval of this Proposed Settlement and Conditional Certification of the Rule 23(b)(2) Settlement Class. The parties have supported the Motion with a Memorandum in Support. The Motion seeks the following relief:

a. Preliminary approval of this Settlement Agreement.

b. Certification of a conditional settlement class under Fed.R.Civ.P. 23(b)(2) composed of the Rule 23(b)(2) Settlement Class Members.

c. Appointment of a class representative and Class Counsel;

d. Approval of the proposed Rule 23(b)(2) Consent Order.

**4.     Certification of Rule 23(b)(2) and 23(b)(3) Settlement Class.**

    **a.     Class Definition.**

For purposes of settlement only, Named Plaintiffs and Interstate agree to certification of a mandatory Settlement Class in the Litigation pursuant to Fed.R.Civ.P. 23(b)(2) which class shall be defined and determined as follows:

> All women who applied for a warehouse position at Interstate's Murfreesboro, Tennessee warehouse location through one of the staffing agencies/companies, used by Interstate at that location, and whose application was received by Interstate between January 9, 2016 and May 1, 2017.
>
> Such eligible class members shall be identified through a third party forensic search of Interstate's e-mail server to locate applications submitted by women applicants through staffing agencies/companies to Interstate between January 9, 2016 and May 1, 2017. Interstate has selected and will pay Jim Kempvanee of Logicforce to perform the forensic search.
>
> This third party forensic company shall conduct a key word search consisting of the following terms and/or parts thereof, Brian Blalock; Maddie Pitts; the names of staffing agencies/companies used between January 9, 2016 and May 1, 2017; and the names of contacts at such staffing agencies/companies who sent resumes to Interstate.

    **b.     Right to Opt Out.**

Because this Settlement Agreement proposes a certification and settlement of a Fed.R.Civ.P. 23(b)(3), individual class members may opt out of this Settlement Class.

    **c.     Class Certified for Settlement Purposes Only.**

Interstate contends that this Litigation could not be certified as a class action under Fed.R.Civ.P. 23 for trial purposes. Nothing in this Settlement Agreement constitutes an admission by Interstate that this Litigation or any similar case is amenable to class certification for trial purposes. In the event that this settlement fails for any reason, or its

contemplated steps are not approved by the Court, Interstate reserves the right to oppose class certification or seek decertification of the proposed Rule 23(b)(2) Settlement Class.

### d. CAFA Notice.

The parties agree that there is no need to serve notice of the settlement that meets the requirements of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §1715.

### e. Class List, Notice Plan and Administration.

Within thirty (30) days of the Court's preliminary approval, Interstate shall assemble and turn over to Class Counsel a class list of those individuals that have been identified to fit the class definition. Interstate will consent in the Preliminary Approval Order to the use of this list by Class Counsel consistent with the Settlement Agreement and this list shall include only the names of persons who are identified under the class definition.

The parties have selected Robert Boston, Waller Lansden Dortch & Davis, LLP, to act as the Settlement Administrator and Interstate shall pay the costs of administration and settlement. Interstate shall timely provide the Settlement Administrator all information and funds necessary to administer the settlement and there will be a fair and reasonable claims process. The settlement administrator will attempt one (1) skip tracing services to any Class Member who cannot be located initially.

The claims must be made in writing, on a form to be approved by the Court. A Claimant shall be permitted at least forty-five (45) days to submit a Claim Forms. Claimants will be notified by the Settlement Administrator in writing of any deficiencies in Claim Forms and be permitted fifteen (15) days to cure all deficiencies.

### f. <u>Settlement on a Claims-Made Basis.</u>

The settlement will be on a claims-made basis. All Class Members who submit a valid and timely Claim Form shall be entitled to receive the sum of Five Thousand Two Hundred Eighty Dollars ($5,280.00). This sum is equivalent to the average sum of wages paid by Interstate to all male employees hired through staffing companies during the period of January 9, 2016 through May 1, 2017.

### g. <u>Unclaimed Settlement Funds</u>.

Any unclaimed settlement funds shall become part of a *Cy Pres Award* which shall be paid to a charity or other suitable non-profit organization as agreed upon by the Parties.

## 5. Class Relief – Injunction.

Upon final approval of the resolution contemplated by this Settlement Agreement, Interstate agrees to implement certain programmatic relief to include the following:

a. Diversity anti-discrimination training on at least an annual basis to its management staff.

b. A communication to all staffing agencies to solicit submission of applications for qualified women applicants to work in the warehouse, and efforts to interview females who meet qualifications for the job descriptions and positions that are being sought.

c. A reasonable depiction of women warehouse workers featured on Interstate's marketing material and/or on its websites.

## 6. Individual Settlement of Plaintiffs' Claims.

Within ten (10) business days of Final Approval Hearing, Interstate will pay the sum of Seven Thousand Five Hundred Dollars ($7,500.00) to Kathy Warren, which includes any

claims for costs and attorney fees and the sum of Five Thousand Dollars ($5,000.00) each to Clarissa Rogers and Tonya Calhoun, which will also include any claims for costs and attorney fees.

**7.     Attorney's Fees**

Counsel for the Named Plaintiffs shall request the Court to approve an award of attorney's fees and costs in a maximum sum of Fifty-Five Thousand Dollars ($55,000.00), which sum shall be paid to Gilbert Russell McWherter Scott Bobbitt, PLC.

**8.     Rule 23(b)(2) Settlement Class Release.**

The Named Plaintiffs and the Class shall dismiss and release any administrative actions or charges of discrimination pending before the Equal Employment Opportunity Commission or any other agency and Named Plaintiffs and their counsel agree that this Settlement Agreement is contingent upon the Equal Employment Opportunity Commission dismissing the charges of discrimination of Plaintiffs or dismissing any class charge of discrimination.

**9.     Settlement Class Release.**

Named Plaintiffs and the Settlement Class will execute full and final releases of Interstate for any and all claims against Interstate, its employees, its owners, stockholders, directors, officers, representatives, insurers from any and all charges, complaints, claims, liabilities, obligations, promises, agreements, controversies, damages, actions, causes of action, suits, rights, demands, costs, losses, debts and expenses of any nature whatsoever, known or unknown, suspected or unsuspected, which each individual Plaintiff or the class has against them based on any claims under the THRA or FCRA and/or arising directly out of the failure to consider, or retain for employment, any individual Plaintiff or Class

Member including, but not limited to any claims as described herein, or as contained in the Complaint.

## 10. Entry of Final Judgment and Order.

The parties shall jointly seek entry by the Court of a Final Judgment and Order attached to their Joint Motion for Approval that includes provisions:

    a.    Granting final approval of this Settlement Agreement and directing its implementation pursuant to its terms and conditions;

    b.    Releasing Interstate from the individual claims of Kathy Warren, Tonya Calhoun and Clarissa Rogers;

    c.    Releasing Interstate from any and all claims of the Settlement Class Members;

    d.    Reserving to the Court continuing and exclusive jurisdiction over the parties with respect to this Settlement Agreement and Final Judgment and Order.

## 11. Termination.

Interstate has the right to terminate this Settlement Agreement, declare it null and void, and to have no further obligations under this Settlement Agreement to the Named Plaintiffs or the Settlement Class Members, if any of the following conditions subsequently occur:

    a.    The parties fail to obtain final approval by the Court of the proposed settlement of the Settlement Class Claims.

    b.    The Court requires Interstate to comply with obligations and requirements that are greater than or materially different from the commitments set out in Paragraph 5 hereof which is a material part of this Settlement Agreement.

c. Any Court orders Interstate to pay money damages in connection with the Litigation except as provided in this Settlement Agreement.

d. The Court fails to enter a Final Judgment consistent with the provisions of this Settlement Agreement.

e. The Court fails to enter the proposed Consent Order.

**12. Miscellaneous Provisions.**

a. **Best Efforts to Obtain Court Approval**.

Named Plaintiffs and Interstate, and the Parties' counsel, agree to use their best efforts to obtain Court approval of this Settlement Agreement, subject to Interstate's rights to terminate the Settlement Agreement.

b. **No Admission**.

This Settlement Agreement and any and all negotiations, communications and discussions associated with it do not constitute an admission or evidence of wrongdoing by Interstate.

c. **Court's Jurisdiction**.

The Parties agree that the Court retains jurisdiction over the implementation and enforcement of this Settlement Agreement.

d. **Administrative Costs**

Except as provided in this Settlement Agreement, each party shall be solely responsible for his, her or its own costs, fees and expenses.

e. **Complete Agreement**.

This Settlement Agreement constitutes the entire agreement between the parties. In entering into this Settlement Agreement, no party has made or relied on the representations

- 10 -

outside this document. The parties may only modify this Settlement Agreement in a writing executed by all parties.

    f.    **Severability**.

In the event that any provision herein becomes or is declared to be illegal, unenforceable, or void, this entire Settlement Agreement shall be void.

    g.    **Authorization to Enter Settlement Agreement**.

The individuals signing this Settlement Agreement on behalf of Interstate represent that they are fully authorized by Interstate to enter into this Settlement Agreement on its behalf. Named Plaintiffs enter into and execute this Settlement Agreement on behalf of themselves, and as a representative of and on behalf of the Settlement Class, subject to Court approval pursuant to Fed.R.Civ.P. 23(e).

    h.    **Execution in Counterparts.**

Named Plaintiffs, Class Counsel, Interstate and Interstate's counsel may execute this Settlement Agreement in counterparts.

**NAMED PLAINTIFFS:**

_____
Kathy Warren

_____
Tonya Calhoun

_____
Clarissa Rogers

- 11 -
1842395
Case 3:17-cv-00014   Document 20-3   Filed 10/16/17   Page 11 of 12 PageID #: 124

GILBERT McWHERTER
SCOTT BOBBITT, PLC

By: _____
    Justin S. Gilbert (TN #017079)
    200 W. Martin Luther King Blvd.
    Suite 1067
    Chattanooga, TN 37402
    Telephone: (423) 499-3044
    Fax: (731) 664-1540

*Attorneys for Named Plaintiffs*

**DEFENDANT:**   INTERSTATE WAREHOUSING, INC.
A Tippmann Group Company

By: _____

_____
Printed Name and Title

BARRETT McNAGNY LLP

By: _____
    Thomas M. Kimbrough (IN #5414-02)
    (*admitted pro hac vice*)
    215 E. Berry Street
    P.O. Box 2263
    Fort Wayne, IN 46801
    Telephone: (260) 423-9551
    Fax: (260) 423-8920

*Attorney for Defendant Interstate Warehousing, Inc., a Tippmann Group Company*